UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>BUKKY OLUKOGA,<br>Defendant. | Criminal Case No. 1:26-cr-58 -JJM-PAS<br><br>Violations: 18 U.S.C. § 1960(a) (Unlicensed Money Transmitting Business); Forfeiture |

**INFORMATION**

The United States of America charges that:

**COUNT ONE**
(Unlicensed Money Transmitting Business 18 U.S.C. § 1960(a))

At all times relevant to this Information, unless herein stated:

1. Defendant BUKKY OLUKOGA (OLUKOGA) resided in the District of Rhode Island.

2. Grace's Property Investment LLC (Grace's Property) was a company established in the state of Rhode Island, for which OLUKOGA was listed as the Resident Agent, and which listed OLUKOGA's prior and current home addresses in the District of Rhode Island as the business addresses.

3. OLUKOGA opened and used bank accounts in her name and in the name of Grace's Property at multiple banks, including at Santander Bank, Washington Trust, Citizens Bank, TD Bank, and Bank of America (OLUKOGA Bank Accounts).

4. OLUKOGA created and used accounts with peer-to-peer mobile payment services, including Cash App and Zelle.

5. OLUKOGA received funds from third parties via cash, money orders, and deposits and transfers into the OLUKOGA Bank Accounts and via transfers into peer-

to-peer mobile payment services in her name and under her control, and thereafter transferred those funds to bank accounts in the names of other persons and entities, in other countries, including Nigeria and China. OLUKOGA was paid a fee for receiving and transferring the funds for third parties.

6. OLUKOGA has never had a license to operate and was never authorized to operate a money transmitting business under any state law, including Rhode Island, or under federal law.

7. Beginning on a date unknown, but not later than February 16, 2020, and continuing until on or about April 17, 2022, in the District of Rhode Island and elsewhere, the defendant,

**BUKKY OLUKOGA**,

did knowingly conduct, control, manage, supervise, direct, and own all or part of an unlicensed money transmitting business, as that term is defined in 18 U.S.C. § 1960(b)(1), which business affected interstate and foreign commerce and (i) was operated without an appropriate money transmitting license in the state of Rhode Island, where such operation if punishable as a misdemeanor under the laws of the state of Rhode Island set forth in Rhode Island General Law § 19-14-2 and (ii) failed to comply with the money transmitting business registration requirements set forth in Title 31, United States Code Section 5330, and the regulations prescribed thereunder.

All in violation of 18 U.S.C. § 1960(a).

**FORFEITURE ALLEGATION**

Upon conviction of the unlicensed money remitting offense alleged in Count 1 of this information, defendant,

**BUKKY OLUKOGA**,

shall forfeit to the United States of America, pursuant to 18 U.S.C. § 982(a)(1), all

property constituting or derived from any proceeds obtained, directly or indirectly, as the result of those offenses and any property used, or intended to be used, in any manner or part, to commit that offense or to facilitate the commission of the offense. The property to be forfeited includes, but is not limited to, the following:

- $8,800.00 U.S. Currency obtained from OLUKOGA on or about August 11, 2022;
- $15,894.91 from Bank of America accounts obtained via seizure warrants executed on or about August 11, 2022 (in the amounts of $15,514.34 and $380.57); and
- $179,273.71 U.S. Currency from a Robinhood account obtained via seizure warrant executed on or about August 22, 2023.

If any of the above-described forfeitable property, as a result of any act or omission of the defendant, cannot be located upon the exercise of due diligence, has been transferred, sold to, or deposited with a third party, has been placed beyond the jurisdiction of the court, has been substantially diminished in value, or has been commingled with other property which cannot be divided without difficulty, it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), to seek forfeiture of any other property of said defendants up to the value of the forfeitable property described above.

All in accordance with 18 U.S.C. § 982(a)(1), as incorporated by 28 U.S.C. § 2461(c), and Rule 32.2(a), Federal Rules of Criminal Procedure.

TODD BLANCHE
Acting Attorney General

CHARLES C. CALENDA
First Assistant United States Attorney

DENISE MARIE BARTON
Assistant U.S. Attorney

JOHN P. MCADAMS
Assistant U.S. Attorney
Deputy Criminal Division Chief

Date: June 15, 2026