UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA

v.

Criminal Case No. __1:26-cr-58__ -JJM-PAS

BUKKY OLUKOGA,
Defendant.

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the

United States and Defendant, BUKKY OLUKOGA, have reached the following

agreement:

1.    Defendant's Obligations.

a.   Defendant will waive presentation of this matter to a grand jury and

consent to the filing of a one count Information which charges Defendant with Operating

as an Unlicensed Money Transmitting Business, in violation of 18 U.S.C. § 1960(a).

Defendant agrees that she will plead guilty to said Information.

b.    Defendant further agrees that the time between the filing of this plea

agreement and the scheduled date for the change of plea is excludable under the Speedy

Trial Act, 18 U.S.C. § 3161.

c.    Defendant will promptly submit a completed Department of Justice

Financial Statement to the U.S. Attorney's Office, in a form that the U.S. Attorney's Office

provides and as it directs. Defendant agrees that her financial statement and disclosures

will be complete, accurate, and truthful. Defendant expressly authorizes the U.S.

1

Attorney's Office to obtain a credit report on her to evaluate Defendant's ability to satisfy any financial obligation that may be imposed by the Court.

        d.      Defendant further agrees:

        (i) to identify all assets over which Defendant exercises or exercised control, directly or indirectly, within the past 7 years, or in which Defendant has or had during that time any financial interest. Defendant further agrees to take all steps as requested by the United States to obtain from any other parties by any lawful means any records of assets owned at any time by Defendant. Defendant further agrees to provide and/or consent to the release of Defendant's tax returns for the previous five years. Defendant further agrees to forfeit to the United States all of Defendant's interests in any asset of a value of more than $1000 that, within the last 7 years, Defendant owned, or in which Defendant maintained an interest, the ownership of which Defendant fails to disclose to the United States in accordance with this agreement.

        (ii) to forfeit all interests in any Unlicensed Money Transmitting Business asset that Defendant currently owns, has previously owned, or over which Defendant currently, or has in the past, exercised control, directly or indirectly, and any property Defendant has transferred, as well as any property that is traceable to, derived from, fungible with, or a substitute for property that constitutes the proceeds of Defendant's offense, including but not limited to the following specific property:

    -- $8,800.00 U.S. Currency seized from OLUKOGA's residence on August 11, 2022;

    -- $15,894.91 in U.S. Currency seized from OLUKOGA's Bank of America accounts (in the amounts of $15,514.34 and $380.57) pursuant to seizure warrants; and

-- $179,273.71 U.S. Currency seized from OLUKOGA's Robinhood account pursuant to a seizure warrant.

Defendant warrants that Defendant is the sole owner of all of the property listed above, and agrees to hold the United States, its agents, and its employees harmless from any claims whatsoever in connection with the seizure or forfeiture of property covered by this agreement.

(iii) to waive all interest in any such asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, federal, or state. Defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

(iv) to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. Defendant acknowledges that all property covered by this agreement is subject to forfeiture as proceeds of illegal conduct, property facilitating illegal conduct, property involved in illegal conduct giving rise to forfeiture, and substitute assets for property otherwise subject to forfeiture.

(v)   to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this plea agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. Defendant also understands and

3

agrees that by virtue of her plea of guilty she waives any rights or cause of action to claim that she is a "substantially prevailing party" for the purpose of recovery of attorney fees and other litigation costs in any related forfeiture proceeding pursuant to 28 U.S.C. § 2465(b)(1).

   e.   Pursuant to 18 U.S.C. § 982(a)(1) and 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), and based on Defendant's commission of the illegal act of Operating an Unlicensed Money Transmitting Business, in violation of 18 U.S.C. § 1960(a), as charged in Count One of the Information, Defendant agrees to forfeit a sum of money equal to the total value of forfeitable assets, which has been determined to be $203,968.62.

       (i)   Defendant agrees to make payment in full of the foregoing money judgment forfeiture, in the form of a certified or cashier's check payable to the U.S. Department of Treasury, by at least 30 days prior to sentencing in this matter. The United States will agree to reasonable continuances of the sentencing date as needed by Defendant in order to arrange for and make timely payment, at least 30 days prior to the rescheduled sentencing date, of the agreed-upon money judgment forfeiture. If the said money judgment amount has not been paid as of the date of sentencing, the agreed-upon money judgment forfeiture shall nonetheless become a part of the judgment of sentence, and the United States shall be entitled pursue the seizure and forfeiture of any and all substitute assets in order to satisfy the money judgment forfeiture, pursuant to 21 U.S.C. § 853(p) and Fed. R. Crim. P. 32.2(e).

       (ii)   Defendant agrees to consent to the entry of an order of forfeiture for the above-specified money judgment amount, and waives the requirements

4

of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that she understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise her of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), at the time her guilty plea is accepted.

2.    Government's Obligations. In exchange for Defendant's plea of guilty:

a.    The government will recommend that the Court impose a term of imprisonment no greater than the low end of the guideline range of sentences for the offense level determined by the Court under the United States Sentencing Guidelines (the U.S.S.G. or "guidelines"), but not including probation or a "split-sentence," even if permitted under the guidelines. In the event that the Court subsequently recalculates Defendant's guideline range as the result of a retroactive guideline amendment, the government reserves the right to advocate for a term of imprisonment up to and including the length of the term of imprisonment that the Court originally imposed upon Defendant pursuant to this Agreement so long as it is not higher than the government's original agreed-upon recommendation point as they existed under the guidelines in effect at the time of this plea agreement.

b.    For purposes of determining the offense level, the government agrees to recommend a two-level reduction in the offense level for acceptance of responsibility under § 3E1.1(a) of the guidelines if Defendant continues to demonstrate acceptance of responsibility through sentencing.

c.   As of the date of this agreement, Defendant has timely notified authorities of an intention to enter a plea of guilty. If the offense level is 16 or greater and Defendant enters a plea of guilty pursuant to this agreement, the government will move the sentencing Court for an additional decrease of one level, pursuant to U.S.S.G. § 3E1.1(b), unless Defendant indicates an intention not to enter a plea of guilty, thereby requiring the government to prepare for trial.

d.   The government is free to recommend any combination of supervised release, fines, and restitution which it deems appropriate.

e.   If Defendant pleads guilty pursuant to this plea agreement, the government will not bring additional charges based on the offense conduct in this case. Defendant understands that such charges could expose Defendant to greater penalties.

3.   Defendant understands that the guidelines are not binding on the Court, and that, although the Court must consult the guidelines in fashioning any sentence in this case, the guidelines are only advisory, and the Court may impose any reasonable sentence in this matter up to the statutory maximum penalties after taking into account the factors enumerated in 18 U.S.C. § 3553(a).

4.   The United States and Defendant stipulate and agree to the following facts under the guidelines:

a.   Beginning on a date unknown, but not later than February 16, 2020 and continuing until on or about April 17, 2022, OLUKOGA operated a business in which she engaged in money transmitting, specifically, OLUKOGA received funds from third parties via cash, money orders, and deposits and transfers into the bank accounts in her

6

name and in the name of Grace's Property LLC, a business she owned and operated, and via transfers into peer-to-peer mobile payment services in her name and under her control. After receiving funds from third parties, OLUKOGA transferred the funds of those third parties to bank accounts in the names of other persons and entities, in other countries, including Nigeria and China.

b. OLUKOGA was paid a fee for receiving and transferring the funds for third parties.

c. OLUKOGA did not have a license or authorization to operate as a money transmitting business under state law, including Rhode Island, or under federal law.

d. The money transmitting business operated by the OLUKOGA affected interstate and foreign commerce.

5. Except as expressly provided in the preceding paragraph, there is no agreement as to which Offense Level and Criminal History Category applies in this case. Both the United States and Defendant reserve their rights to argue and present evidence on all matters affecting the guidelines calculation.

6. The maximum statutory penalties for the offense to which Defendant is pleading are: 5 years imprisonment, a fine of $ 250,000; a term of supervised release of 3 years; a mandatory special assessment of $100.

7. Defendant agrees that, after Defendant and Defendant's counsel sign this plea agreement, counsel will return it to the United States Attorney's Office along with a money order or certified check, payable to the Clerk, United States District Court, in payment of the special assessments. Failure to do so, unless the Court has made a

7

previous finding of indigence, will relieve the government of its obligation to recommend a reduction in the offense level under the guidelines for acceptance of responsibility.

8.     Defendant is advised and understands that:

a.   The government has the right, in a prosecution for perjury or making a false statement, to use against Defendant any statement that Defendant gives under oath;

b.   Defendant has the right to plead not guilty, or having already so pleaded, to persist in that plea;

c.   Defendant has the right to a jury trial;

d.   Defendant has the right to be represented by counsel – and if necessary, have the Court appoint counsel – at trial and every other stage of the proceeding;

e.   Defendant has the right at trial to confront and cross-examine adverse witnesses, to be protected from self-incrimination, to testify and present evidence, and to compel the attendance of witnesses; and

f.   Defendant waives these trial rights if the Court accepts a plea of guilty.

g.   Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable or deportable offenses. Likewise, if Defendant is a naturalized citizen of the United States, pleading guilty may result in denaturalization as well as removal and deportation. Removal, deportation, denaturalization, and other immigration consequences are the subject of separate proceedings, however, and Defendant understands that no one, including his attorney or

8

the district court, can predict to a certainty the effect of his conviction on his immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is his removal or deportation from the United States or his denaturalization.

9.      The government reserves its full right of allocution, including the right to present any information to the Court for its consideration in fashioning an appropriate sentence, the right to correct misstatements, misrepresentations, or omissions by Defendant, and to answer any questions asked by the Court.

10.      Except for paragraphs 2 and 4, above, the parties have made no agreement concerning the application of the guidelines in this case.

11.      Defendant understands that the Court alone makes all sentencing decisions, including the application of the guidelines and the sentence to be imposed. The Court is not bound by the parties' stipulations of fact, offense level adjustments, or the government's recommendations. The Court is free to impose any sentence it deems appropriate up to and including the statutory maximum. Defendant also understands that even if the Court's guideline determinations and sentence are different than Defendant expects, Defendant will not be allowed to withdraw Defendant's plea of guilty.

12.      Defendant hereby waives Defendant's right to appeal the conviction and sentence imposed by the Court, if the sentence imposed by the Court is within or below the sentencing guideline range determined by the Court. This agreement does not affect

9

the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b), and the government retains its right to appeal any of the Court's sentencing determinations.

13. This agreement is binding on the government only if Defendant pleads guilty, fulfills all Defendant's obligations under the agreement, does not engage in any conduct constituting obstruction of justice under § 3C1.1 of the guidelines, and does not commit any new offenses. Defendant understands that if Defendant violates this agreement in any way, the government shall be released from its obligations under the agreement and will be free to make any recommendations that it deems appropriate. If that occurs, Defendant shall not have the right to withdraw Defendant's guilty plea.

14. This agreement is limited to the District of Rhode Island and does not bind any other federal, state, or local prosecutive authorities.

15. This agreement constitutes the entire agreement between the parties. No other promises or inducements have been made concerning the plea in this case. Defendant acknowledges that no person has, directly or indirectly, threatened or coerced Defendant to enter this agreement. Any additions, deletions, or modifications to this agreement must be made in writing and signed by all the parties in order to be effective.

16. Counsel for Defendant states that Counsel has read this agreement, been given a copy of it for Counsel's file, explained it to Defendant, and states that to the best of Counsel's knowledge and belief, Defendant understands the agreement.

17.   Defendant states that Defendant has read the agreement or has had it read to Defendant, has discussed it with Defendant's Counsel, understands it, and agrees to its provisions.

_____
**BUKKY OLUKOGA**
Defendant

6 – 9 – 26
_____
Date

_____
**JOHN L. CALCAGNI**
Counsel for Defendant

6/9/26
_____
Date

_____
**DENISE MARIE BARTON**
Assistant U.S. Attorney

06/15/2026
_____
Date

_____
**JOHN P. MCADAMS**
Assistant U.S. Attorney
Deputy Chief, Criminal
Division

06/15/2026
_____
Date

11